**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MILAN KJALASAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　Defendants. | 2:18-cv-00994-APG-VCF<br><br>**ORDER & REPORT AND**<br>**RECOMMENDATION**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1) |

**BACKGROUND**

Before the Court is pro se Plaintiff Milan Kjalasan's ("Plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the following reasons, Plaintiff's *in forma pauperis* application is granted. However, it is recommended that his complaint be dismissed with prejudice.

**DISCUSSION**

Plaintiff's filing presents two questions. First, whether Plaintiff may proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Second, whether Plaintiff's complaint states a plausible claim for relief. Each are discussed below.

**I.　　Whether Plaintiff May Proceed *In Forma Pauperis*.**

A plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit demonstrating that the plaintiff is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In his affidavit, Plaintiff states his gross pay or wages is $0 per month, his take home pay or wages is $0 per month, and he has $0 in cash or in a savings account. (ECF No. 1 at

1-2). Based on this affidavit, the Court finds the Plaintiff is unable to pay the requisite fees and costs, and his motion to proceed *in forma pauperis* is granted.

### II. Whether the Court Should Dismiss Plaintiff's Claim.

The Court must also review plaintiff's complaint to determine whether it is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure mandate that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for relief sought." Fed. R. Civ. P. 8(a). When a complaint fails to state a claim upon which relief can be granted, Rule 12(b)(6) permits dismissal of that claim. Fed. R. Civ. P. 12(b)(6). Plaintiff's claim fails to meet the burden of both Rule 8(a)(2) and 8(a)(3).

### a. Plaintiff's claim fails to meet the pleading standards of Rule 8(a)(2).

To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Recitation "of a cause of action's elements supported by mere conclusory statements" is insufficient to meet this standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal punctuation omitted). Courts engage in a two-step process to evaluate these claims. First, the Court must identify all conclusory allegations that "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Second, the Court must assess the remaining factual allegations and determine if the complaint "states a plausible claim" that is "context specific." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64. A claim meets this facial plausibility standard when it "allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim does not cross the line from conceivable to plausible, the Court must dismiss it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts hold complaints drafted by pro se plaintiffs to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts will dismiss a pro se plaintiff's complaint "if [it] fails to reasonably inform the adverse party of the basis for the cause of action." *Wilkinson v. United*

*States*, No. C-92-4095 EFL, 1993 U.S. Dist. LEXIS 615 at *3 (N.D. Cal. Jan. 14, 1993) (citing *In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D 105 (D. Nev. 1982)).

As pled, Plaintiff's complaint appears to be a criticism of United States intelligence agencies. The Supreme Court has "repeatedly held," that federal courts are not a place to resolve generalized grievances, "no matter how sincere" they may be. *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013); *see Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) ("Our refusal to serve as a forum for generalized grievances has a lengthy pedigree.").

It is unclear from the complaint exactly what Plaintiff's claim is. Throughout the complaint, Plaintiff lists several government agencies, which he believes are "corrupt" and failed to "take [his] warnings] seriously." (ECF No. 1-1 at 3). Plaintiff further alleges that he has "material evidences [sic]" of government-sponsored "collateral murders" that he is unable to "expose." (*Id.* at 2). It is unclear however how any of these agencies violated any law, making it impossible for the Court to decipher the legal basis for the claims Plaintiff is alleging against the defendant. On the civil cover sheet, Plaintiff states that the nature of his suit is "440 Other Civil Rights." (ECF No. 1-2 at 1). In the description of his claim, he notes that his cause of action is based on "harassment by the U.S. government agencies and its community supporters." (ECF No. 1-2 at 1).

The facts alleged in Plaintiff's complaint do not support his claim, even when viewed in the light most favorable to him. The complaint fails to cite any facts that are not mere conclusory statements that entitle him to relief. The Court finds that Plaintiff's complaint is nothing more than an airing of his general grievances against the government. (*See* ECF No. 1-1 at 5). Therefore, Plaintiff's claim should be dismissed with prejudice as no amendment can remedy this problem.

**b. Plaintiff's claim fails to meet the pleading standards of Rule 8(a)(3).**

Federal Rule of Civil Procedure 8(a)(3) requires a complaint to contain a demand for the relief sought. While this is a relatively low bar, the complaint still must state what remedy the plaintiff is seeking from the Court. *See Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1098 (9th Cir. 2001)

(discussing Rule 8(a)(3)'s requirements when seeking damages); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (discussing Rule 8(a)(3)'s requirements when seeking equitable relief). In his complaint, Plaintiff states that he is "trying to expose" the United States government for alleged "corrupted [sic]…activities." (ECF No. 1-1 at 4). The exposure Plaintiff seeks (ECF No. 1-1 at 4), is not a remedy the court can provide and thus he has failed to meet the burden of Rule 8(a)(3).

      **c. Plaintiff does not have standing to bring this case.**

Federal courts are courts of limited jurisdiction and may only hear cases that present a justiciable case or controversy. U.S. Const. art. III, § 2. Standing is an essential component of this case-or-controversy requirement. *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923 (9th Cir. 2007) ("Standing is the threshold issue of any federal action [and] a matter of jurisdiction."). The party invoking federal jurisdiction must establish three elements to meet this requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the party must have suffered a "concrete and particularized injury" that is "actual or imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, the alleged injury must be "fairly traceable to the challenged action of the defendant." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). (citations and internal punctuation omitted). Third, a favorable decision rendered by a federal court must likely redress plaintiff's injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Throughout Plaintiff's complaint, he alleges he is bringing this case to "expose" different actions taken by the United States. (ECF No. 1-1 at 5). At no point in the complaint, however, does Plaintiff allege he has suffered an actual, cognizable injury. While Plaintiff vaguely alleges he was "set up" for "crimes [he] never performed," he has not stated what specific conduct the United States engaged in that the Court could find caused him injury. (*See* ECF No. 1-1 at 4). Because Plaintiff cannot establish standing based on the alleged facts, he has failed to state a claim upon which the Court may grant relief, and the complaint should be dismissed.

**d. Res Judicata bars Plaintiff from re-litigating this previously decided issue.**

When a court issues a final judgment on a claim, the doctrine of res judicata (claim preclusion) bars litigants from bringing further claims on the same cause of action. *Tahoe-Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). For claim preclusion to apply, there must be an identity of claims, there must be a final judgment on the merits, and there must be privity between parties. *Tahoe-Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

On Jan. 22, 2015, Plaintiff filed a claim against the United States, et al., alleging he was "experiencing rude and miserable abuse of [his] privacy" and demanded a "resolution of [the] situation." (ECF No. 1-1 at 10). On March 16, 2015, Chief Judge Navarro accepted and adopted Magistrate Judge Peggy A. Leen's Report and Recommendation, ordering, "Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted." *Kjalasan v. United States*, No. 2:15-cv-00130-GMN-PAL, 2015 U.S. Dist. LEXIS 32589, at *2 (D. Nev. Mar. 16, 2015) (emphasis omitted).

In the present complaint, Plaintiff alleges that the crux of this case is "trying to reactivate" his 2015 complaint discussed above. (ECF No. 1-1 at 4). This statement settles all three elements of claim preclusion. Given that plaintiff's complaint rests on the same facts and events that gave rise to his initial complaint in 2015, Chief Judge Navarro's final judgement on the merits in case 2:15-cv-00130-GMN-PAL bars Plaintiff from re-litigating the issue in this case. No amendment would resolve this issue and thus Plaintiff's claim should be dismissed with prejudice.

**III.   Leave to Amend Would Not Remedy the Deficiencies of Plaintiff's Complaint**

When a complaint "lacks an arguable basis either in law or in fact," it is frivolous and subject to dismissal. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citations omitted). If the Court dismisses a claim, the Court should give the Plaintiff leave to amend unless it is clear that amendment would not resolve the deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is

clear on the face of Plaintiff's complaint that no amendment would resolve the deficiencies outlined in this report and recommendation. Plaintiff has explicitly stated his intentions for filing this suit, which the Court deems frivolous. Therefore, the Court should dismiss Plaintiff's claim with prejudice.

## CONCLUSION

ACCORDINGLY,

IT IS ORDERED that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint (ECF No. 1-1

IT IS FURTHER ORDERED that the Clerk of the Court is directed **NOT** to issue summons on the complaint at this time, pending an order by the District Judge regarding the recommendation in this case.

IT IS RECOMMENDED that this case be DISMISSED WITH PREJUDICE and Judgment entered, accordingly.

IT IS SO ORDERED and RECOMMENDED.

## NOTICE

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days.  (*See* LR IB 3-1).  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

1  Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 15th day of June, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE